UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINDSAY BURCHBY, an individual, and CASEY BURCHBY, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>TRAVELERS HOME AND MARINE INSURANCE COMPANY, a Connecticut Corporation,<br><br>    Defendant. | Case No. 3:20-CV-00155-RCJ-CLB<br><br>**ORDER** |

Following removal, Plaintiffs move this Court to remand, arguing the notice of removal was untimely. Finding removal timely, the Court denies Plaintiffs' motion.

**FACTUAL BACKGROUND**

In 2019, a pipe burst in Plaintiffs' home while they were traveling. Upon returning home and discovering the damage, Plaintiffs filed an insurance claim with Defendant. Following numerous disagreements over the rights and duties of the parties under the insurance contract, Plaintiffs filed a complaint in the Second Judicial District Court for the State of Nevada on February 4, 2020. On February 6, the state court issued summons for Defendant. (ECF No. 9 Ex. A at 2.) On that same day, Defendant's agent uploaded a courtesy copy of the complaint provided

by Plaintiffs' counsel to its Corporation Service Company (CSC) database for "record keeping purposes." (ECF No. 9 at 2 n.1.) The printout for that upload states that the copy was "[o]riginally [s]erved [o]n: Travelers on 02/04/2020" and lists the "[d]ate [s]erved on CSC [as] 02/06/2020." (ECF No. 1 Ex. A at 2.)

On February 7, Plaintiffs filed a copy of the summons and complaint with the Nevada Commissioner of Insurance. (ECF No. 9 Ex. B at 2.) The Commissioner then sent a copy of the summons and complaint by certified mail on February 10. (*Id.*) The record does not indicate the date on which Defendant received the documents. On March 10, Defendant filed its notice of removal with this Court. Attached to that notice was a copy of the CSC record. Plaintiffs subsequently moved to remand. (ECF No. 6.) After the motion to remand was filed, but prior to filing its response, Defendant filed an "errata" stating that the CSC record had been attached in error and should be replaced with the attached exhibits describing service through the Commissioner. (ECF No. 7.)

**LEGAL STANDARD**

A defendant sued in state court may remove the action to federal court upon filing a notice of removal. 28 U.S.C. §§ 1441(a), 1446(a). A plaintiff objecting to removal may file a motion to remand arguing either that the federal court lacks subject-matter jurisdiction or that there were procedural defects in the removal procedure. 28 U.S.C. § 1447(c). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (citing *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir. 1986)). A removing "defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). There is a strong presumption against removal; thus, the removal statutes are to be construed restrictively and any doubt about the right of removal is resolved in favor of

remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Finally, the Court may raise any ground for lack of subject-matter jurisdiction *sua sponte*. *See Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908) (noting that it is the duty of a federal court to ensure that its jurisdiction granted by statute is not exceeded).

## ANALYSIS

Plaintiffs do not dispute Defendant's allegation that this Court has subject-matter jurisdiction through diversity, as provided by 28 U.S.C. § 1332. Nor does independent review of the record demonstrate that diversity is lacking. The disagreement between the parties instead revolves around the procedural question of whether Defendant timely filed the notice of removal with this Court. Finding removal timely, the Court denies Plaintiffs' motion to remand.

Plaintiffs' argument that removal was untimely lies along three fronts: In the motion itself, Plaintiffs claim the exhibit referenced by the notice only identified a service date of February 6, thus the thirty-day period for removal ended on March 9—one day prior to Defendant's notice being filed. Therefore, Defendant had not met its burden to demonstrate that removal was timely. In their Reply, Plaintiffs argue that Defendant's errata was not a proper one, but was instead an attempt to disguise a substantive amendment to its notice of removal outside of the statutory thirty-day window.[1] Finally, Plaintiffs argue that February 6 is the proper day for the removal period to start running as it is the date on which Defendant actually received a copy of the complaint.

Although Plaintiffs are correct that the exhibit attached to the notice of removal listed the date of service as February 6, (ECF No. 1 Ex. A), the notice itself states that Defendant was served on February 10, (*see, e.g.*, ECF No. 1 at ¶ 2). Therefore, the face of the notice makes the argument

---

[1] Generally, a court will not consider arguments raised for the first time in reply. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). In this instance, however, the arguments in reply could not have been made in the motion because the errata, and Defendant's arguments based on that filing, were not on the record at the time the motion was filed.

that removal was timely, despite pointing to the incorrect document. Nor is Defendant's initial failure to support its allegation of timely removal with proof dispositive. In determining whether removal is proper, the Court looks to the entire record before it and additionally considers the state court record created prior to removal. *See ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000).

As to Plaintiffs' second argument, a "Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.' However, a defendant may amend the Notice of Removal after the thirty day window has closed to correct a 'defective allegation of jurisdiction.'" *Id.* (first quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988); then quoting 28 U.S.C. § 1653). Here, Defendant claims that removal jurisdiction is proper because removal was timely. Substitution of the exhibits in the errata for the exhibits in the petition does not raise a new basis of jurisdiction, but merely serves to correct the original defective allegation.

As to the third argument, Defendant is correct that Nevada law requires service on a foreign insurer to be perfected through the Commissioner, acting as a statutory agent. NRS 680A.250; NRS 680A.260. Under 28 U.S.C. § 1446(b)(1), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Consequently, federal law in this Circuit holds that the removal period starts to run when a defendant has received actual notice of the litigation; that is, once a defendant "obtain[s] access to the complaint." *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1129 (9th Cir. 2019).

Plaintiffs contend that "through service or otherwise" includes the courtesy copy of the complaint as it provides actual notice for the basis of removal. While the statutory text and

*Anderson* might suggest this is the correct conclusion, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), holds otherwise. In that case, the Supreme Court considered whether a faxed copy of the complaint, without a summons, was sufficient to trigger the start of the removal period. In finding it was not, the Court held that "in light of a bedrock principle[,] [a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347. Thus, while a courtesy copy does provide "actual notice" of the suit and (potentially) the grounds for removal, it does not constitute the "formal process" required. Therefore, the statutory period did not begin to run until Defendant received the complaint and summons from the Commissioner. Accordingly, Defendant's petition for removal was timely.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that Defendant shall file its response to Plaintiffs' Complaint no later than twenty-one days from the date of this Order.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge